NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GARY GENE MAYO, *Appellant*.

No. 1 CA-CR 13-0310
FILED 4-8-2014

Appeal from the Superior Court in Maricopa County
No. CR2011141901001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office
By Joseph T. Maziarz, Phoenix
*Counsel for Appellee*

The Hopkins Law Office, P.C.
By Cedric Martin Hopkins, Tucson
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**T H O M P S O N,** Judge:

¶1         This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Gary Gene Mayo (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record.  Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2         An argument erupted between defendant and J.F. following an avoided car accident in the parking lot of a strip mall.  Defendant and J.F. exited their respective vehicles and began arguing.  Defendant punched J.F.  A third-party intervener attempted to break up the altercation, and J.F. started walking back to his vehicle but collapsed and began to make a "snoring" noise.  Defendant moved to where J.F. was laying, believing that he was "faking" his injuries, and proceeded to kick him in the head.  Defendant stopped once he noticed J.F. had become unresponsive.  J.F. was transported to a hospital where he was later pronounced dead.

¶3         J.F.'s primary physician, his cardiologist, the medical examiner, and an expert medical witness testified at trial as to J.F.'s health and the cause of death.  J.F. had multiple medical conditions which could have caused him to suffer from "sudden cardiac death"[1] including cardiovascular disease and scarring of the heart muscle tissue.  Being assaulted aggravated J.F.'s atherosclerotic hypertensive cardiovascular disease, causing him to die of cardiac arrest.

---

[1] "Sudden cardiac death" is when "the electrical control of the heart stops . . . [and] there's no [longer any] effective electrical activity that is stimulating the heart muscle to beat."

¶4        The state charged defendant with one count of second-degree murder, a class 1 felony.  A jury convicted defendant of the lesser offense of manslaughter, a class 2 felony.  The trial court sentenced defendant to an aggravated term of 12.5 years imprisonment and gave him 622 days of presentence incarceration credit.

¶5        We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  We find none.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits.  Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end.  Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶6        We affirm the conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : MJT